# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVOCATE FOR FAIR LENDING, LLC a California Limited Liability Company, Attorney in Fact for Tazuko Thorgusen,<br><br>         Plaintiff,<br>vs.<br><br>ACC CAPITAL HOLDINGS CORPORATION, ARGENT MORTGAGE COMPANY, CITI RESIDENTIAL LENDING DEUTSCHE BANK TRUST, CR TITLE SERVICES, INC., DOES 1-25, inclusive,<br><br>         Defendants. | CASE NO. 08cv974 JLS (BLM)<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AS MOOT** |

  On April 30, 2008, Plaintiff filed an application for a temporary restraining order ("TRO") against Defendants in San Diego Superior Court seeking to enjoin a May 1, 2008 foreclosure sale. On May 30, 2008, Defendants removed the case to this Court citing to Plaintiff's claims for relief under the Federal Truth in Lending Act, 15 U.S.C. § 1601 et seq ("TILA"). Soon after receiving this case, the Court contacted Plaintiff's counsel to inquire whether he sought to pursue the TRO application in this Court. He stated that he intended to withdraw his TRO application. More than six weeks have passed since he made that statement and the Court has not received any notice of withdrawal.

  The Federal Rules of Civil Procedure outline the procedures a federal court must follow when

1  deciding whether to grant a temporary restraining order.  See Fed. R. Civ. P. 65.  The standard for
2  granting a temporary restraining order is the same as the standard for entering a preliminary
3  injunction.  Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996);
4  Franklin v. Scribner, Civil No. 07-0438 BTM (LSP), 2007 U.S. Dist. LEXIS 36806, 2007 WL
5  1491100, at *3 (S.D. Cal. May 21, 2007).  The Ninth Circuit has prescribed the following equitable
6  criteria for determining whether to grant injunctive relief:

> (1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief.  The moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits . . . [T]he required degree of irreparable harm increases as the probability of success decreases.

Owner Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co., 367 F.3d 1108, 1111 (9th Cir. 2004) (quoting Miller ex. rel. N.L.R.B. v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994)).  The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."  Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974); accord L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980); Del Toro-Chacon v. Chertoff, 431 F. Supp. 2d 1135, 1139-40 (W.D. Wash. 2006).

Here, Plaintiff's TRO application seeks to enjoin a foreclosure sale that was set for May 1, 2008.  However, the case was removed to this Court on May 30, 2008, and it is now July 22, 2008.  Accordingly, the Court **DENIES** Plaintiff's application for a temporary restraining order as moot.

IT IS SO ORDERED.

DATED:  July 23, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge