BUCHALTER NEMER
A Professional Corporation
BERNARD E. LESAGE (SBN: 61870)
SARAH K. ANDRUS (SBN: 174323)
RACHAEL H. BERMAN (SBN: 174718)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: rberman@buchalter.com

Attorneys for Defendants
ACC CAPITAL HOLDINGS CORPORATION;
ARGENT MORTGAGE COMPANY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVOCATE FOR FAIR LENDING, LLC, a California Limited Liability Company; Attorney In Fact for Tazuko Thorgusen,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ACC CAPITAL HOLDINGS CORPORATION; ARGENT MORTGAGE COMPANY; CITI RESIDENTIAL LENDING; DEUTSCHE BANK TRUST, CR TITLE SERVICES, INC.; DOES 1-25, ROES 1-25,<br><br>　　　　Defendants. | Case No. 08-CV-0974 JLS (BLM)<br><br>**DEFENDANT ACC CAPITAL HOLDINGS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Date:<br>Time:<br>Judge: |

　　Defendant ACC CAPITAL HOLDINGS CORPORATION ("Defendant") by and through its attorneys of record, and for itself alone, answers the unverified Complaint For Violation of Unfair Business Practices Act Section 17200 et seq.

1

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

and Declaratory Relief ("Complaint") of Plaintiff ADVOCATE FOR FAIR LENDING, LLC, ("Plaintiff") as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff is a California Limited Liability Company.

**ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of Paragraph 1, and on that basis denies, each and every allegation contained therein.**

2. Plaintiff is the attorney-in-fact for Tazuko Thorgusen ("Thorgusen"). A copy of the notarized limited power of attorney giving Plaintiff authority to bring this action is attached as Exhibit 1.

**ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of Paragraph 2, and on that basis denies, each and every allegation contained therein.**

3. Defendant ACC Capital Holdings Corporation ("ACC Capital") is the parent company to Argent Mortgage Company ("Argent") which was the originator of Loan Number 0092696350 ("Thorgusen Loan") and doing business in the State of California. Argent was a lender in the State of California selling subprime loans to consumers such as Thorgusen.

**ANSWER: Defendant admits that Defendant is the parent company of Argent and doing business in the State of California. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 3, and on that basis denies, each and every remaining allegation contained therein.**

4. Defendant Citi Residential Lending ("Citi") is the servicer and agent for ACCC Capital and Deutsche Bank Trust of the Thorgusen Loan and doing business in the State of California.

**ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of Paragraph 4, and on that basis denies, each and every allegation contained therein.**

5.  Deutsche Bank Trust ("Deutsche Bank") is the current beneficiary of the Thorgusen Loan through assignment by Argent and ACC Capital and doing business in the State of California.

**ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of Paragraph 5, and on that basis denies, each and every allegation contained therein.**

6.  Defendant CR Title Services, Inc. ("CR Title") is the current Trustee for the Thorgusen Loan and affiliated directly with Citi.

**ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of Paragraph 6, and on that basis denies, each and every allegation contained therein.**

7.  For over 15 years, Thorgusen has lived at her primary residential property located at 10449 Stanfield Circle, San Diego, California 92126 ("Property").

**ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of Paragraph 7, and on that basis denies, each and every allegation contained therein.**

8.  Prior to January 20, 2006, Thorgusen had a note and 1st trust deed against the Property in the amount of $206,250 to GMAC. Thorgusen's monthly payment was $1,041.57.

**ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of Paragraph 8, and on that basis denies, each and every allegation contained therein.**

9. Around January 20, 2006, Thorgusen needed $60,000 for her business since she was self employed and required an infusion of capital.

**ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of Paragraph 9, and on that basis denies, each and every allegation contained therein.**

10. Thorgusen's mortgage broker through defendant Argent placed Thorgusen in a loan which:

  A. Increased her payments from $1,041.57 to $1,987.35 for the first two years and then increased to $2,481.10 for 6 months and then to $2,653.91 for 2 V2 years.

  B. Reduced her equity from $219,000 to $129,000.

  C. Charged her $30,000 in broker fees, costs and prepayment penalties for paying off the 1st.

  D. Was more than 50% of her debt to income ("DTI")

**ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of Paragraph 10, and on that basis denies, each and every allegation contained therein.**

11. Thorgusen signed for a new loan for $296,250, which provided for 4 significant adjustments over a 5 year period. During the loan process, the broker and lender failed to make material disclosures as required under 15 USC § 1601 *et seq.* and 12 CFR § § 226.1 *et seq.* Some of the violations included:

  A. No signed and dated Borrower Authorization.

  B. No signed and dated Good Faith Estimate.

  C. No credit report.

  E. No appraisal.

    F.    No proof of income.

    G.    No proof of reserves (verification of income).

    H.    No proof of employment.

    I.    No paycheck stubs on the borrower.

    J.    No bank statements.

    K.    No variable interest rate notice.

    L.    Loan documents were not given to borrower at least 3 days before borrower signed the loan documents.

    M.    Truth In Lending statements were not within $100 of the actual loan.

    N.    No proof that any broker disclosures were given or signed within 3 days of running credit.

    O.    On the Truth In Lending statements the payments do not match the loan documents.

**ANSWER: Because Paragraph 11 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

12. Attached as Exhibit 2 is a true and correct copy of the Uniform Residential Loan Application for borrower on Fannie Mae Form 1003 (hereafter "1003") signed by Thorgusen on January 20, 2006.

**ANSWER: The document speaks for itself; therefore, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies such allegations.**

13. Attached as Exhibit 3 is a true and correct copy of an unsigned and undated Good Faith Estimate, which shows a preparation date of December 29, 2005.

**ANSWER:** **The document speak s for itself; therefore, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies such allegations.**

14. Attached as Exhibit 4 is a true and correct copy of an unsigned and undated Preliminary Truth In-Lending Disclosure Statement (hereafter "Preliminary TIL").

**ANSWER:** **The document speak s for itself; therefore, no answer is required. If an answer is required, Defendant denied any wrongdoing and denies any liability to Plaintiff.**

15. Attached as Exhibit 5 is a true and correct copy of a Final Truth-In-Lending Disclosure Statement (hereafter "Final TIL") signed and dated by the borrower on January 20, 2006.

**ANSWER:** **The document speak s for itself; therefore, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies such allegations.**

16. Attached as Exhibit 6 is a true and correct copy of a Settlement Statement (hereafter "HUD-1"). The HUD-1 is on a form dated March 1986 for a 2006 Loan.

**ANSWER:** **The document speak s for itself; therefore, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies such allegations.**

17. More specifically, due to the circumstances and terms and condition of the loan, the actions of the Argent and the mortgage broker violated 15 USC § 1639(h) in that Argent and the broker placed Thorgusen in a loan without regard

to her financial situation and her ability to pay. Further, Argent and the broker failed to inform Thorgusen of less costly alternatives all for the purpose of increasing broker fees and costs and engaging in what is more commonly known as "equity stripping."

**ANSWER: Because Paragraph 17 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

18. Thorgusen was not able to maintain payment of the increased amounts under the Thorgusen Loan and a foreclosure is set for May 1, 2008.

**ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of Paragraph 18, and on that basis denies, each and every allegation contained therein.**

19. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of defendants Does 1-25 and Roes 1-25, were the agents and employees of each other and defendants and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

**ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of Paragraph 19, and on that basis denies, each and every allegation contained therein.**

20. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants Does 1-25 and Roes 1-25, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities when the same have been ascertained.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of Paragraph 20, and on that basis denies, each and every allegation contained therein.**

21.  Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, defendants and Does 1-25 and Roes 1-25, and each of them, participated with each of the other defendants in the things complained of in this Complaint, or intentionally or knowingly agreed or conspired with each of such other defendants in doing said things, or aided and abetted each of such other defendants in doing said things, or acted with the permission, acquiescence, and ratification of each of such other defendants in doing said things.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of Paragraph 21, and on that basis denies, each and every allegation contained therein.**

## FIRST CAUSE OF ACTION

### (Unlawful Business Practice Against All Defendants)

22.  Plaintiff realleges and incorporates by reference Paragraphs 1 through 23 as though fully set forth herein.

**ANSWER:** **Defendant incorporates its responses to paragraphs 1-22 in response to this paragraph.**

23.  *Business and Professions Code* § 17200 ("§ 17200") provides that unfair competition shall mean and include any unlawful business act or practice. Virtually any law or regulation whether federal or state, statutory or common law, can serve as predicate for a § 17200 "unlawful" violation. Thus, if a "business practice" violates any law, literally, it also violates § 17200. § 17200 "borrows

violations of other laws and treats them as unlawful practices independently actionable under § 17200. Business practices that violate federal laws may be redressed under § 17200. *Diaz v. Kay-Dix Ranch* (1970) 9 Cal.App.3d 588, 591.

**ANSWER: Because Paragraph 23 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

24. Argent's conduct and actions violate the specific mandatory disclosure requirements of 15 USC § 1601 *et seq.* and 12 CFR § § 226.1 *et seq.*

**ANSWER: Because Paragraph 24 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

25. 15 USC § 1639(h) specifically prohibits the extension of credit without regard to payment ability of the consumer and shall not engage in a pattern and practice of extending credit based on the consumer's collateral without regard to the consumer's repayment ability, including current and expected income, current obligations and employment.

**ANSWER: Because Paragraph 25 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

26. As a result of Argent's Unlawful Business Practice, Thorgusen was placed in a loan which was more detrimental to her than her existing loan at the time and resulted in the Property going into foreclosure. Plaintiff is entitled equitable orders by the court which can include restitution, modification and reformation of the Thorgusen Loan. Plaintiff is also entitled to an injunction against

ACC Capital, Argent, Deustsche [sic] Bank, Citi and CR Title and its agents to enjoin the Trustee's Sale of the Property set for May 1, 2008.

**ANSWER: Because Paragraph 26 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## SECOND CAUSE OF ACTION

### (Unfair Business Practice Against All Defendants)

27. Plaintiff realleges and incorporates by reference Paragraphs 1 through 26 as though fully set forth herein.

**ANSWER: Defendant incorporates its responses to paragraphs 1-26 in response to this paragraph.**

28. § 17200" provides that unfair competition shall mean and include any unfair business act or practice.

**ANSWER: Because Paragraph 28 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

29. The 'unfair' standard is intentionally broad, allowing courts maximum discretion to prohibit new schemes to defraud. A business practice can be 'unfair' and violate § 17200 even if it is not 'deceptive' and even if it is 'lawful. An unfair business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

**ANSWER: Because Paragraph 29 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

30. All of the actions and conduct as alleged above surrounding the Thorgusen Loan constitute an unfair business act or practice. business within the context and application of § 17200.

**ANSWER: Because Paragraph 30 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

31. As a result of Argent's Unfair Business Practice, Thorgusen was placed in a loan which was more detrimental to her than her existing loan at the time and resulted in the Property going into foreclosure. Plaintiff is entitled equitable orders by the court which can include restitution, modification and reformation of the Thorgusen Loan. Plaintiff is also entitled to an injunction against ACC Capital, Argent, Deustsche [sic] Bank, Citi and CR Title and its agents to enjoin the Trustee's Sale of the Property set for May 1, 2008.

**ANSWER: Because Paragraph 31 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

### THIRD CAUSE OF ACTION

**(Fraudulent Business Practice Against All Defendants)**

32. Plaintiff realleges and incorporates by reference Paragraphs 1 through 54 as though fully set forth herein.

**ANSWER: Defendant incorporates its responses to paragraphs 1-31 in response to this paragraph.**

33. A business practice is fraudulent within the meaning of § 17200 if members of the public are likely to be deceived.

**ANSWER: Because Paragraph 33 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

34. Actual deception is not required. All that is required is proof that members of the public are likely to be deceived.

**ANSWER: Because Paragraph 34 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

35. Thorgusen suffered direct harm due to the omissions of Defendant Argent and the broker.

**ANSWER: Because Paragraph 35 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

36. As a result of Argent's Fraudulent Business Practice, Thorgusen was placed in a loan which was more detrimental to her than her existing loan at the time and resulted in the Property going into foreclosure. Plaintiff is entitled equitable orders by the court including, which can include restitution, modification and reformation of the Thorgusen Loan. Plaintiff is also entitled to an injunction against ACC Capital, Argent, Deustsche Bank, Citi and CR Title and its agents to enjoin the Trustee's Sale of the Property set for May 1, 2008.

**ANSWER: Because Paragraph 36 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## FOURTH CAUSE OF ACTION

## (Declaratory Relief Against All Defendants)

37. An actual controversy exists between Plaintiff and Defendants as to the rights and benefits of the [sic] Thorgusen Loan and the requirements and remedies of 15 USC § 1601 *et seq.* and 12 CFR § § 226.1 *et seq.*

**ANSWER:** **Because Paragraph 37 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

38. Plaintiff requests a declaration that Plaintiff is entitled to a modification, reformation or other equitable relief to conform to the purpose and requirements of 15 USC § 1601 *et seq.* and 12 CFR § § 226.1 *et seq.*

**ANSWER:** **Because Paragraph 38 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

39. Such a determination is appropriate and necessary in that Plaintiff has no adequate or speedy remedy at law and the requested judicial declaration will avoid a multiplicity of suits.

**ANSWER:** **Because Paragraph 39 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiff prays against Defendants:

40. For restitution, modification, reformation or other equitable orders and relief as to the Thorgusen Loan, according to proof at trial;

41. For pre-judgment interest as allowed by law;

42. For injunctive relief;

43. For reasonable attorney's fees and costs, herein as required by Civil Code 1717 and 15 USC § 1601 *et seq.*;

44. For such other and further relief as the court may deem proper.

**ANSWER: No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's purported causes of action fail to state a claims upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

5. Plaintiff's claims are barred because as an attorney in fact, Plaintiff is not a real party in interest, has no interest in the property in question, and has not suffered damages.

6. Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

7. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

8. Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiff.

9. Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

10. Plaintiff's claims are barred in whole or in part, because Plaintiff misrepresented their credit, income or other information association with obtaining the loan.

11. Plaintiff's claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

12. Plaintiff's claims are barred because Plaintiff's loan was not subject to 15 U.S.C. § 1639(h).

13. Plaintiff is not entitled to rescind their mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures

and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

14. Plaintiff is not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

15. If it should be deemed that Plaintiff is entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiff's reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiff's behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiff reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant requests that this Court enter judgment in its

favor and against Plaintiff, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

DATED: July 24, 2008                    BUCHALTER NEMER
                                        A Professional Corporation


                                        By:         /s/
                                             BERNARD E. LESAGE
                                             Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I, Bernard E, LeSage, hereby certify that on this 24th day of July 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: ___/s/ Bernard E. LeSage___

BN 2119899v1